**E-FILED**
Friday, 11 March, 2005  01:56:47 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | | |
|---|---|---|
| TRUSTEES OF CONSTRUCTION INDUSTRY WELFARE FUND OF CENTRAL ILLINOIS | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| v. | ) ) | NO. 04-2216 |
| COLONIAL CONTRACTING, INC., an Indiana corporation, | ) ) ) | JUDGE HAROLD A. BAKER |
| Defendant. | ) ) | |

**PLAINTIFFS' MOTION TO REINSTATE FOR
THE LIMITED PURPOSE OF ENFORCING THE
TERMS OF A SETTLEMENT AGREEMENT
AND ENTERING JUDGMENT AGAINST DEFENDANT**

NOW COME Plaintiffs, TRUSTEES OF CONSTRUCTION INDUSTRY WELFARE FUND OF CENTRAL ILLINOIS, by their attorneys, and move the Court for the entry of an order reinstating this action for the limited purpose of enforcing the terms of a Settlement Agreement entered into between the parties and filed with this Court as an Exhibit to the Notice of Dismissal on November 15, 2004.  In support of the Motion, Plaintiffs state as follows:

1.     This action was originally brought by the Plaintiffs, the Trustees of the jointly-administered, labor-management employee benefit plans collectively known as the Construction Industry Welfare Fund of Central Illinois, alleging, *inter alia*, that Defendant breached its obligations under the terms of the collective bargaining agreement entered into with Carpenters Local # 347, and the Agreements and Declarations of Trust under which the Plaintiff Fund is maintained. Specifically, Plaintiffs allege that Defendant failed to remit payment of contributions for work

performed on its behalf by beneficiaries of the Plaintiff Funds. The Complaint was brought pursuant

to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145.

2.    On November 15, 2004, a Settlement Agreement incorporating the terms for

settlement agreed to by the parties was electronically filed with this Court as an Exhibit to a Notice

of Dismissal (a copy of the Notice of Dismissal and Settlement Agreement is attached hereto as

Exhibit A).

3.    On November 16, 2004, this Court entered an Order dismissing the instant suit,

retaining jurisdiction to enforce compliance with the Settlement Agreement (a copy of the Order is

attached hereto as Exhibit B)

4.    Defendant agreed that it owed contributions of $3,765.60, liquidated damages of

$698.96, audit fees of $387.50 and attorneys' fees and costs of $1,305.00 for the audit period

December 1, 2002 through September 30, 2003, as described in Paragraph 1 of the Settlement

Agreement.

5.    Defendant agreed to make payment to Plaintiffs of the amount of $6,157.06 in six

monthly installments as follows:

| | | |
|---|---|---|
| Payment #1: | $1,210.41 | Due November 1, 2004 |
| Payment #2: | $  989.33 | Due November 20, 2004 |
| Payment #3: | $  989.33 | Due December 20, 2004 |
| Payment #4: | $  989.33 | Due January 20, 2005 |
| Payment #5: | $  989.33 | Due February 20, 2005 |
| Payment #6: | $  989.33 | Due March 20, 2005 |

6.    The Settlement Agreement provides that in the event Defendant fails to make any of

the payments specified in Paragraph 2 of the Settlement Agreement, or if Defendant fails to timely

report and pay fringe benefit contributions prior to the payment of all amounts due under Paragraph

2 of the Settlement Agreement, Plaintiffs shall be entitled to apply to the Court for reinstatement of

the underlying action solely for entry of judgment in an amount consisting of any amounts remaining

due under Paragraph 2 of the Settlement Agreement, plus and any further costs and attorneys' fees incurred.

7.     The Settlement Agreement provides that in the event that Plaintiffs decide, in their sole discretion, to permit additional time for Defendant to cure such breach, nothing contained herein shall require Plaintiffs to apply to the Court for reinstatement of the action in the event of default under the terms of this agreement.  Allowance by Plaintiffs of such additional time shall not be construed as a waiver of their rights under this agreement.

8.     Defendant has not submitted its fifth installment payment due pursuant to the terms of the Settlement Agreement in the amount of $989.33 due on February 20, 2005 as described in Paragraph 4 above.

9.     On February 21, 2005, Plaintiffs' counsel spoke with Robert T. Rodgers, the President of Defendant Colonial Contracting, Inc. regarding the delinquent payment, which was due on February 20, 2005.  Mr. Rodgers advised that he hoped to make the required payment by February 25, 2005.

10.     On March 1, 2005, March 3, 2005 and March 7, 2005, Plaintiffs' counsel left telephone messages for Mr. Rodgers advising that the required installment payment due on February 20, 2005 still had not been received.  To date, those telephone messages were never returned.

11.     For all the reasons stated, the Plaintiffs hereby move the Court for the entry of an Order reinstating this action for the limited purpose of enforcing the terms of the Settlement Agreement and entering judgment against the Defendant.  Specifically, Plaintiffs request:

A.     That judgment be entered in favor of Plaintiffs and against Defendant to include the amount of $1,978.66, being the total amount remaining due for contributions, liquidated damages, audit fees and attorneys' fees for the audit period December 1, 2002 through September 30, 2003.

B.    That judgment be entered in favor of Plaintiffs and against Defendant to include an additional $225.00 in attorneys' fees incurred by the Plaintiffs since November 3, 2004.

C.    That judgment be entered in favor of Plaintiffs and against Defendant in the total amount of **$2,203.66**.

D.    That Plaintiffs have such further relief as may be deemed just and equitable by the Court.


/s/    Patrick N. Ryan


Patrick N. Ryan Bar Number:  6278364
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Phone:  (312) 236-4316
Fax:  (312) 236-0241
E-mail:  pryan@baumsigman.com

I:\CIW\Colonial\motion to reinstate.pnr.df.wpd